Merrimack, }
May 1, 1906. }

## HOYT v. HOYT.

A subagent for the sale of personalty cannot recover commissions from the agent by whom he was appointed, when the only reasonable conclusion to be drawn from the evidence is that the contract of employment was not made with the defendant personally, but in his representative capacity.

ASSUMPSIT, to recover a commission on the sale of an automobile. Trial by the court. At the close of the plaintiff's evidence a nonsuit was ordered, and he excepted. Transferred from the October term, 1905, of the superior court by *Chamberlin*, J.

*Barron Shirley*, for the plaintiff.

*Martin & Howe*, for the defendant.

BINGHAM, J. To entitle the plaintiff to recover the commission of the defendant it was necessary for him to prove (1) that the alleged contract was made with the defendant personally, and not as agent of the Motor Company, and (2) that he had complied with its terms by selling a machine. If on the evidence reasonable men would not be warranted in arriving at these conclusions, the nonsuit was properly ordered.

The evidence was that the plaintiff applied to the Motor Company for an agency for the sale of automobiles in some territory in New Hampshire that included Franklin; that the company referred him to the defendant, who was then its agent for five counties in the state, including the county of Merrimack; that he was informed by the defendant that, according to the rules of the company, he would have to purchase or sell a machine in order to be appointed an agent; that a discount or commission of twenty per cent would be allowed him on the list price, according as he purchased or sold a machine; that the plaintiff was unable to purchase a machine; that it was then agreed he should have two weeks in which to attempt to make a sale; that if any other person should during that time want the agency, and the plaintiff had a trade in prospect, he might upon notifying the defendant have an additional two weeks in which to complete the trade, and if no one applied for the agency that he should have more than two weeks without notice in which to make a sale. It also appeared that when the plaintiff made the contract he knew the defendant was acting as agent for the Motor Company.

The only reasonable conclusion to be drawn from the evidence

is that the defendant was authorized to appoint the plaintiff an agent of the Motor Company for the sale of automobiles at Franklin, upon his purchasing or making a sale of a machine; that both parties understood the contract was being made by the defendant as agent of the Motor Company; and that in making the contract the defendant was acting within the scope of his authority. As there was no competent evidence from which it could be found that the contract was made with the defendant personally, and as the Motor Company is not a party to the action, it is unnecessary to consider whether the evidence would warrant the inference that the plaintiff succeeded in making a sale.

*Exception overruled.*

All concurred.